UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:                              )
                                    )
JUSTIN DOUGLAS COX,                 )    Case No. B-10-80914 C-7D
                                    )
           Debtor                   )

## MOTION OF BANKRUPTCY ADMINISTRATOR TO DISMISS CASE
## PURSUANT TO SECTIONS 707(b)(1), (2), and (3)

NOW COMES the U.S. Bankruptcy Administrator for the Middle District of North Carolina ("BA") and moves this Court for dismissal of this Chapter 7 case pursuant to § 707(b)(2) or, in the alternative, pursuant to § 707(b)(1) and (3). In support hereof, the BA respectfully shows unto the Court the following:

1. Justin Douglas Cox, the Debtor herein ("Debtor"), filed this petition under Chapter 7 of the Bankruptcy Code on May 25, 2010.

2. The Debtor's § 341 Meeting of Creditors was held on June 25, 2010.

3. As required by § 704(b), the BA filed a Statement of Presumed Abuse on July 6, 2010.

### MOTION PURSUANT TO 11 U.S.C. §707(b)(2)

4. On the face of the Debtor's Form B22A, it appears that the presumption of abuse does not arise and that the Debtor passes the Means Test. Using the initial presumption determination of Line 52, the Debtor has computed his total disposable income (<$33,099.60> on Line 51) to be less than $7,025 and checked the first block stating that "The presumption does not arise" on Line 54.

5. The BA believes the marital adjustment was miscalculated and includes amounts that are not reasonable and proper deductions by the non-filing spouse. The adjustments taken by the non-filing spouse are not itemized under Line 17b of Form B22A but refer back to the Spouse's separate Schedule J deductions.

6. Certain deductions taken were improper or overestimated, as they would not have been allowed for the Debtor and should not be allowed for the non-filing spouse, including $400 for "Prospective New Car/Insurance", even though the bank statements do not reflect a history of such savings. Schedule J also reflects deductions, and therefore marital adjustments, for the non-filing spouse's many credit card and other unsecured debt payments. Monthly deductions of $344 are made for student loans, although the BA has not yet determined whether these are payments for her own educational loans or guarantees of payments for a child who is the primary obligor and making the payments, and further information is needed in this regard.

7. The BA requested that the Debtor produce copies of all bank statements for the three months prior to and since the filing of the petition. It does not appear from the bank statements provided to the BA that the non-filing spouse has a separate bank account, nor that the household bills, student loan payments, and other such bills are paid from a separate account. As the non-filing spouse is not paying her bills from her own funds and withholding her income from the joint bank account, and as household bills are be paid from a joint account with the Debtor, there does not appear to be actual deductions before her income is deposited and used for household purposes. Therefore, there should be no marital adjustment, and such deductions should not be allowed.

8. The payroll information provided to the BA reflects that the average monthly household income is currently higher than what is stated on Form B22A, but the BA has been unable

-2-

Case 10-80914    Doc 14    Filed 08/05/10    Page 2 of 7

to verify the actual income as of the filing of the petition. Even assuming Debtor's prepetition income figures on Form B22A are correct, however, once the improper deductions are removed, there appears to sufficient income to pay a substantial dividend to unsecured creditors.

9. Upon information and belief, the correct box which should have been checked in Line 52 was the second one, stating that the amount set forth on Line 51 is more than $11,725. Had this box been checked, the Debtor would have been directed to check the box on page 1 of the Means Test stating that "The presumption arises."

10. For these reasons, the BA believes that the Debtor has monthly disposable income under 11 U.S.C. § 707(b)(2) sufficient to give rise to the statutory presumption of abuse.

## ALTERNATIVE MOTION PURSUANT TO 11 U.S.C. § 707(b)(1) AND (b)(3)

11. Alternatively and in the event that the Court determines that the presumption of abuse does not arise under 11 U.S.C. § 707(b)(2) or is rebutted, the Debtor's case should be dismissed pursuant to § 707(b)(1) and under the factors enumerated in § 707(b)(3), which provides that in cases in which a presumption of abuse does not arise, the Court shall consider whether the case was filed in bad faith or the totality of the circumstances of the debtor's financial situation, in determining whether the granting of relief would constitute an abuse of the provisions of chapter 7.

12. At this time, it is unclear as to whether the case was filed in bad faith, but it was clearly filed including expense information provided for the petition which cannot be verified through the bank statements. The BA seeks additional information about the Debtor's intentions in

filing this case, his need for Chapter 7 relief in light of the household income and certain expenses claimed, how and when the debts were incurred, and other circumstances surrounding this filing.

13. A review of the Debtor's petition, schedules, and other documents filed with this Court ("the Schedules") suggest that the granting of relief in this case would constitute an abuse of the provisions of Chapter 7, based upon the totality of the circumstances of the Debtor's financial situation. The BA contends that the factors considered by the courts in determining whether a case constituted a substantial abuse of the provisions of Chapter 7 under § 707(b) prior to the amendments made effective by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 are relevant to the consideration under § 707(b)(3) of whether a case is abusive because of bad faith or based upon the totality of the circumstances. The following factors set forth in In re Green, 934 F.2d 568 (4th Cir. 1991), may warrant dismissal for abuse based on the totality of the circumstances of the Debtor's financial situation:

    A. Schedules I and J reflect that the Debtor does not has sufficient monthly household income to meet monthly living expenses and to fund plan payments to creditors under a Chapter 13 plan.

    B. Debtor's income is higher than what is stated on Schedule J. While this does not appear as a deduction on Schedule I, there appears to be a payroll deduction into a savings account of $100 per paycheck, which averages to $216.67 per month. Also, his payroll advices reflect bonuses which appear to be made quarterly. If such bonuses are made quarterly, this would add another $327.63 to his monthly income.

C. The income for the non-filing spouse is also higher than what is stated on Schedule J. Her payroll advices indicate that she currently contributes $4,294.26 per month to the household income.

D. Additionally, certain adjustments can and should be made to the budget, so that creditors can be paid in full. The BA questions the total amount of expenses deducted by the Debtor on Line 17 of Schedule J ($286) for grooming, emergencies/miscellaneous, and housekeeping, and believes this amount should be reduced. The BA also believes that many of the expenses deducted by the non-filing spouse, totaling $904 in installment payments on Line 13b of her separate Schedule J and $575 for "Other" expenses on Line 17 of Schedule J are excessive, unreasonable, or otherwise not allowable, as discussed in paragraph 6 above.

E. The Debtor has a regular monthly income, and the BA believes that the Debtor has the ability to pay a substantial distribution to unsecured creditors over a 60-month plan period, especially if adjustments are made to the budget.

F. The BA is concerned about the accuracy of the schedules filed with the Court, for the reasons discussed above.

G. The BA needs further time to investigate matters relating to good faith.

14. For these reasons, the BA believes that the Debtor's Chapter 7 case should be dismissed pursuant to Section 707(b)(1) of the Code, on the ground that the case should be presumed to be an abuse of the provisions of Chapter 7 under § 707(b)(2), or in the alternative, because the

case is abusive pursuant to § 707(b)(3) based upon the totality of the circumstances of the Debtor's financial situation or upon any finding by the Court that the petition was filed in bad faith.

WHEREFORE, the BA respectfully requests:

A) That a pre-trial hearing be scheduled prior to the setting of a hearing on the merits of this motion, so that deadlines for discovery and other pre-trial matters may be discussed; and

B) That this case be dismissed pursuant to 11 U.S.C. § 707(b)(2); or

C) In the alternative, that the Court dismiss this case pursuant to 11 U.S.C. § 707(b)(1), on the grounds that the case constitutes an abuse of the provisions of Chapter 7 based upon bad faith and/or upon the totality of the circumstances of the Debtor's financial situation under 11 U.S.C. § 707(b)(3); and

D) That the Court grant such further relief as the Court deems just and proper including, with the Debtor's consent, a conversion of this case to a case under Chapter 13.

This the 4th day of August, 2010

MICHAEL D. WEST, ESQ.
U.S. BANKRUPTCY ADMINISTRATOR

BY: *Robyn R. C. Whitman*
Robyn R. C. Whitman
N. C. State Bar No. 16325
P. O. Box 1828
Greensboro, NC 27402-1828
Telephone: (336) 358-4170

## CERTIFICATE OF SERVICE

       This is to certify that the foregoing document was served upon the following on the date set forth below electronically (if registered on CM/ECF) or by depositing a copy of the same in the United States mail, first class, postage prepaid, and addressed as follows:

Mr. Justin Douglas Cox
173 Post Oak Lane
Sanford, NC  27330

John T. Orcutt, Esq.

Sara A. Conti, Esq.

DATED:   August 4, 2010.

                                                  *Robyn R. C. Whitman*
                                                  Robyn R. C. Whitman